UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: | CASE NO. 15-10632 |
| KEVIN HOUSH AND<br>BETTY HOUSH | SECTION "B" |
| DEBTORS | CHAPTER 7 |

## MEMORANDUM OPINION

This matter came before the court on June 16, 2015 on the Chapter 7 Trustee's motion to disallow exemption for a vessel and surrender of vessel and documentation (P-11), and the opposition thereto filed by the debtors (P-17). After reviewing the parties' motion and opposition, and the arguments of the trustee and debtor's counsel, the court entered an order denying the trustee's motion. The court issues this memorandum opinion because this is an issue of first impression for this court. The debtors are entitled to an exemption under Louisiana Constitution Article 12; Section 9 and Louisiana Revised Statute 20.1 for the vessel listed in Schedule C of the petition.

**I.  Background Facts**

The facts of this matter are not in dispute. The sole issue presented is whether a vessel can qualify for a homestead exemption under current state law. On March 19, 2015 the debtors filed for relief under Chapter 7 of the Bankruptcy Code. In Schedule C of the petition, the debtors claimed a homestead exemption for a 1988 34' Catalina Sailboat ("vessel") under La. Const. Art. 12, Section 9; LSA-R.S. 20.1. Upon meeting with the debtors, and their counsel, the Chapter 7 Trustee informed the parties that he did not believe that a homestead exemption for moveable vessels exists under Louisiana law. On May 4, 2015, the trustee filed the instant motion seeking to disallow the homestead exemption claim and for surrender of the vessel. On June 5, 2015, the

1

debtors filed an opposition to the trustee's motion for disallowance of exemption and surrender of the vessel. The court heard arguments on the trustee's motion and the debtors' objection on June 16, 2015.

II.     **Legal Analysis**

Under the Bankruptcy Code, a debtor is allowed to claim an exemption for property of the estate when such property is classified as exempt under federal or state law. 11 U.S.C. 522(b)(2)(A). Louisiana is an opt out state, and as such state law governs the classification of and parameters for property claimed as exempt. The Louisiana Constitution provides for an exemption of an individual's homestead from seizure and sale.[1] Additionally, LSA-R.S. 20.1 provides a definition for property claimed as exempt.

The revised statutes define a homestead as a "residence occupied by an owner."[2] While the statute specifies that a homestead includes the residence and the land which it occupies, it does not specify what manner of dwelling shall be classified as a residence; nor does it require that a residence be permanently affixed to the land which it occupies. La. Const. Art. 7, Section 20(A)(1) expands the language of the statute by providing, in part:

> The same homestead exemption shall also fully apply to the primary residence, including a mobile home, which serves as a bona fide home and which is owned and occupied by any person or persons owning the property in indivision, regardless of whether the homeowner owns the land upon which the home or mobile home is sited.[3]

Nothing has been found in Louisiana law that specifically precludes the debtors from claiming an exemption for a vessel. In this instance, it thus appears that a house is not a homestead until the

---

[1] La. Const. Art. 12, Section 9

[2] LSA-R.S. 20.1

[3] La. Const. Art. 7, Section 20

2

bankruptcy court rules that it is.

The debtors acknowledge the lack of precedent in Louisiana to support the argument for the claimed exemption of a vessel as their homestead. The debtors assert that there is ample precedent from other bankruptcy courts in the Gulf Coast region in which the court allowed a vessel to be claimed as a homestead. In particular, the debtors point to the holdings of Florida and Mississippi courts that have allowed homestead exemption claims for vessels and motor homes. The debtors assert that the vessel is their sole residence. Further, the debtors state that since September 2011 the vessel has been moored, subject to a lease/rental agreement, at the Beau Chene Marina in Mandeville, Louisiana.[4] The debtors receive, and are billed for, utilities at this location and receive their mail at a marina postbox. Finally, the debtors state their intent to maintain their residency on the vessel indefinitely. The trustee does not challenge their factual assertions.

Louisiana law lacks any reference to the applicability of the homestead exemption to a vessel. Ample jurisprudence from bankruptcy courts in neighboring states does deal with this issue. These neighboring state courts have found that a debtor can claim a homestead exemption for a vessel serving as a principle residence.

In *In Re Scudder,* 97 B.R. 617 (Bankr. S.D. Ala. 1989) the court overruled a trustee's objection to the debtor's claimed exemption for a houseboat. The court made the factual determination that the houseboat was the debtor's principle place of residence. Then it moved to the question of whether a houseboat was a "similar dwelling" as used in Code of Alabama 6-10-2, the applicable Alabama homestead exemption law. The court noted that the vessel in question

---

[4] (P-17).

was completely equipped for on board living, in that it contained areas for cooking, dining, and sleeping. Additionally, the vessel was equipped with a recreational area as well as electrical and plumbing systems. Based on its findings, the court concluded that the houseboat was a "similar dwelling" within the meaning of Code of Alabama 6-10-2 and therefore qualified for the homestead exemption claimed by the debtor. The court concluded that the "similar dwelling" phrase was an attempt by the Alabama legislature to include unforeseeable types of living spaces under the exemptions law, without having to enumerate every conceivable type of dwelling that might qualify.[5]

In a similar case, also brought upon the trustee's objection to claimed exemptions, the bankruptcy court for the Southern District of Florida reached the same conclusion as the *Scudder* court. In *In Re Mead,* 255 B.R. 80 (Bankr. S.D. Fla. 2000) the debtor claimed a homestead exemption for a 34' Hatteras boat, which he kept docked in a rented slip space. The trustee raised a two-pronged objection. First, he objected based on the fact that the boat was capable of movement in navigable waterways and on the open sea. Second, the trustee argued that even if the boat was the debtor's residence, he could not claim the homestead exemption because he did not own the slip space in which the boat was moored. In reaching its conclusion, the court noted that in order for the boat to qualify for the homestead exemption, it would have to meet the classification of a "dwelling house" as indicated in Fla. Stat. § 222.05, which extended homestead exemption protection to "any dwelling house including a mobile home used as a residence." The bankruptcy court, in order to define "dwelling house," looked to the case of *In Re Meola,* 158 B.R. 881, 882 (Bankr. S.D. Fla. 1993). The court, in *Meola,* defined a "dwelling house" as "the

---

[5] *Scudder at 619.*

house or other structure in which a person lives; a residence or abode." Based on this definition, along with the fact that the debtor possessed no other residence, and considering that the boat was equipped for use as a residence, the court determined that the boat did meet the definition of a dwelling house under Fla. Stat. § 222.05. As to the second prong of the trustee's objection, that the debtor failed to qualify for the exemption because he did not own the land where the boat slip was located, the court indicated that Fla. Stat. § 222.05 required that a dwelling house "be on land not his or her own which he or she may lawfully possess" was satisfied by the boat being connected to the leased dock space. The court reasoned that there was no distinction between a mobile home occupying a leased space at a mobile home park, and a boat occupying a leased space at a marina. Therefore, the boat was a dwelling house connected to land lawfully possessed by the debtor, and qualified as exempt homestead property.

In examining the case *sub judice,* and comparing the relevant facts to the cases above, it is evident that the facts of this case support the debtor's position that their vessel should be entitled to the homestead exemption under La. Const. Art. 12, Section 9; LSA-R.S. 20.1., and La. Const. Art. 7, Section 20(A)(1).

First, as in *Scudder,* the debtors' vessel is equipped for on board living. As evidenced by the photos attached as Exhibit "C' *in globo* (P-17) to the debtors' opposition, the debtors' vessel contains separate and defined spaces commensurate with those of a traditional land based residence. In particular, the exhibits clearly show kitchen, living room, and bedroom spaces which are equipped for use in a manner indicative of their defined function. Further, as indicated by the debtors' affidavit and verified by Exhibit "D" (P-17), the vessel is equipped with electrical systems and connected to the local power grid. As the court noted in *Scudder,* this type of vessel "is not unlike a small house or mobile home."

Second, as in *Scudder,* where the court determined that a vessel qualified for exemption under the phrase "similar dwelling," the language in La. Const. Art. 7, Section 20(A)(1), which reads in part, "the same homestead exemption shall also fully apply to the primary residence," does not specify any particular structural requirement. Had the legislature intended to limit the types of structures that would qualify for the exemption, it certainly could have included such language. The language used simply states that the exemption shall apply to an individual's "primary residence." In the matter *sub judice,* the debtors have offered uncontroverted evidence to support their claim that the vessel is their "primary residence." In fact, the debtors have provided sufficient evidence, which is also unchallenged, that the sailboat is their only residence.

Finally, in *In Re Mead,* 255 B.R. 80 (Bankr. S.D. Fla. 2000) the court determined that leasing a slip space for a boat was no different from the owner of a mobile home renting land upon which to place his residence. The debtors in this matter have provided evidence, by way of an executed lease dated September 1, 2011, with Marina Beau Chene, [6] and by their own sworn testimony, to prove that the vessel is moored within the state. The Louisiana Constitution specifies that a homeowner is entitled to the homestead exemption "regardless of whether the homeowner owns the land upon which the home or mobile home is sited."[7] Such language serves to provide the homeowner with the protections offered by the exemption regardless of ownership of the land upon which the home is situated. In the current matter, as in *Mead,* the debtors maintain a leased slip space for the vessel.[8] Through their rental of the leased slip space, the debtors are afforded access to utilities via connections for electricity, sewage, water, and cable.

---

[6] (P-17) Exhibit A.

[7] La. Const. Art. 7, Section 20(A)(1)

[8] (P-17) Exhibit A.

The slip space also serves as the debtors' mailing address and they receive mail at their slip postbox.[9] The services afforded the debtors by leasing the slip space are the same as those provided to individuals who rent a lot for a mobile home.

Thus, in comparing the case at hand to those cited herein, it is evident that the debtors' circumstances are very similar to those in which other courts have determined that a debtors' vessel met the requirements for a homestead exemption. Of particular import are the following factors, all of which have been proven here by a preponderance of the evidence.

1. The debtors' vessel is equipped for use as a residence and contains all the normal accoutrements of a small residence or mobile home. Namely, the vessel contains clearly defined living, kitchen, lavatory, and sleeping spaces.

2. The debtors maintain a leased slip space wherein the vessel is moored. The occupancy of the space allows the debtors to access normal utilities and postal service.

3. The vessel is the debtors only residence. The debtors do not own or rent any other property (real or moveable), homestead, or dwelling which serves as a residence; nor did they own or rent such property on the filing date of their petition.

Therefore, it is clear that the vessel serves as the debtors' "primary residence" as used in La. Const. Art. 7, Section 20(A)(1). As such, the debtors are entitled to claim the homestead exemption for their vessel and enjoy the protections afforded under the law.

[9] (P-17).

### III. Conclusion

The court will allow the homestead exemption claim for the debtors' sailboat. The trustee's motion for disallowance and surrender is denied. The court has already entered an order denying the trustee's motion on June 19, 2015, and renders this opinion because the issue is one of first impression in Louisiana.

New Orleans, Louisiana, August 20, 2015.

*J. A. Brown*
Jerry A. Brown
U.S. Bankruptcy Judge